IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,**<br>Plaintiff<br>v.<br><br>PanPhil Realty, LLC, **Allegiance Real Estate, LLC**, **4024 Spruce Company, LLC**, **Greenzang Properties III, LLC**, **Anchor Real Estate, New Horizons West I LP d/b/a New Horizon Housing, 2045 Walnut Street Associates, Vihi Realty, AMCDelancey Group, Inc.**, and **Kitov Realty, LLC**all Pennsylvania corporations; **Nanxing "Nancy" Wang**, in her individual capacity, **Bryan Reese, Brittney Knox, Xahoxia Wang**, and **Susan Donato**, all residents of Pennsylvania, and Zillow Group, Inc,. a Washington corporation,<br>Defendants | : : : : : : : : : : : : : : : : : : : : | Case No:    -      -<br><br>**Complaint for Multiple Violations of the Fair Housing Act and the Renters Access Act of 2019, and for Injunctive Relief** |

## COMPLAINT

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits this Complaint. In support of his claims, he submits the following:

## THE PARTIES

1. Plaintiff Gordon Roy Parker ("Gordon") is a resident of Philadelphia, domiciled at the Broad Street Ministry, 315 South Broad Street, #0106, Philadelphia, PA 19107. He prefers to be served by and will accept service by e-mail at Gordonroyparker@gmail.com (upon confirmation reply by Plaintiff).

2. The 425 North 41st Street defendants are as follows:

    a. Defendant **PanPhil Realty, LLC** is a Pennsylvania limited-liability corporation which manages a rental property in controversy in this action – 425 North 41st Street, Philadelphia, PA 19104 ("425 North 41st") – for **Defendant Xahoxia Wang**. In the course of these duties, they placed the rental

ad in controversy, and engage in tenant screening on behalf of Defendant Wang. They may be served at the above address.

  b. Defendant **Xahoxia Wang** is the owner of 425 North 41st Street, Philadelphia, PA 19104, and may be served at home at 1316 Virginia Avenue, Havertown, PA 19083.

  c. Defendant **Nanxing "Nancy" Wei**, is listed as the agent contact for Defendant PanPhil Realty, and is now employed with the Pennsylvania Housing Development Corporation ("PHDC"):



 3. The 4024 Spruce Street defendants are as follows:

  a. Defendant **Allegiance Real Estate, LLC** is a Pennsylvania limited-liability corporation which manages a rental property in controversy in this action – 4024 Spruce Street, Philadelphia, PA 19104 – for the building's owner, Defendant 4024 Spruce Street Company, LLC.

  b. Defendant **Bryan Reese** is the contact agent for Defendant Allegiance, for the Zillow ad in controversy for 4024 Spruce Street. He may be served at his office at Allegiance.

2

    c.    Defendant **4024 Spruce Street Company, LLC** is a Pennsylvania limited-liability corporation which owns 4024 Spruce Street ("4024 Spruce"), where they may be served.

4. Defendant **Greenzang Properities III, LLC** (not to be confused with Greenzang Properities I, II, IV, V, VI, VII, VIII, IX, X, XI, and XII) is a domestic limited-liability corporation headquartered in Pennsylvania. They may be served at 2015 Locust Street, Suite 100, Philadelphia, PA 19103.

5. Defendant **Anchor Real Estate** is the owner of 4222 Baltimore Avenue, Philadelphia, PA, 10104 and may be served at its offices at 2001 Market Street, #2522, Philadelphia, PA 19103.

6. Defendant **New Horizons West I LP d/b/a New Horizons Housing** is a Pennsylvania Limited Partnership, which may be served at 4101 Baltimore Avenue, Philadelphia, PA 19104. Defendant **Brittney Knox** is the contact agent for Defendant New Horizons, and may be served at their office.

7. Defendant **AMC Delancey Group Inc.**, d/b/a **Delancey Verona Plaza, LLC** is a Pennsylvania corporation which manages The Verona, 4715 Walnut Street, Philadelphia, PA, and may be served at their offices at 718 Arch Street, #400N, Philadelphia, PA 19106.

8. Defendant **2045 Walnut Street Associates** is a Pennsylvania Corporation who owns and manages 2045 Walnut Street, Philadelphia, PA 19103, and may be served at that address.

9. Defendant **Vihi Realty** is a Pennsylvania Corporation who owns/manages 5414 Osage Avenue. They are may be served at their offices at 1519 W. Passyunk Ave., Philadelphia, PA 19145.

10. Defendant **Susan Donato** is a resident of Pennsylvania and the owner of 227 South 44th Street, Philadelphia, PA 19104, where she may be served.

11. Defendant **Kitov Realty, LLC** is a Pennsylvania limited-liability corporation and the owner of 223 West Seymour Street, Philadelphia, PA 19144.

12. Defendant **Zillow Group, Inc.** (Z:NASDAQ) is a publicly traded company and real estate marketplace, including rental-property sales and leases. The are actively engaged with landlords, tenants, and residential properties)

## NATURE OF ACTION

13. This is an action rooted in multiple violations of the Fair Housing Act, and, via supplemental jurisdiction, the Renters Access Act of 2019, related to three ads placed on Zillow in March, 2025.

## STATEMENT OF JURSIDCTION AND VENUE

14. Jurisdiction is proper under 28 USC §1331, because of the existence of federal questions related to the Fair Housing Act. Supplemental jurisdiction over the state law claims is also proper.

15. Venue in this district is proper because all Defendants either reside, are domiciled, or conduct business within the district and/or the Commonwealth.

## BACKGROUND

16. Plaintiff incorporates by reference, as if set forth verbatim, all previous paragraphs.

17. From March 7, 2025, through March 17, 2025 Plaintiff discovered the following ads:

  a. The ad for 425 North 41st Street[1] requires a minimum credit score of 650, while specifying that is is "good for one occupant only."



---

[1] https://www.zillow.com/homedetails/425-N-41st-St-1F-Philadelphia-PA-19104/2077025506_zpid/

b. The ad for 4024 Spruce did not specify a minimum credit score, but a follow-up e-mail with Defendant Reese did reveal a minimum-score requirement of 650:



c. The ad for 4715 Walnut Street, placed by Defendant AMC Delancey on behalf of Defendant Delancey Verona Plaza, LLC, specified a minimum credit score requirement of 650.



d. Defendant Greenzang Properties placed an ad on Zillow for a studio at 503 South 41st Street, which did not specifiy a minimum credit score, but a follow-up e-mail listed *twenty-one* properties, and a minimum credit-score requirement for each one:



e. Defendant 2045 Walnut Street associates placed a Zillow ad for 2045 Walnut street which specified a minimum credit-score requirement of 675:

6



f. Defendant Brittney Knox, on behalf of Defendant New Horizons, e-mailed Plaintiff in response to an inquiry about 4101 Baltimore Avenue, requiring a credit score of 625 with no prior evictions, despite the building having an open violation with L&I deemed *UNSAFE:*





g. On or around March 10, 2025, Defendant **Vihi Realty** placed an ad on Zillow for a two-bedroom apartment for rent at 5414 Osage Avenue, for which a minimum credit score is required.



8

https://www.zillow.com/b/5414-osage-ave-philadelphia-pa-98x5KC/

    h.    On or around March 16, 2025, Defendant Susan Donato placed an ad on Zillow for 227 South 44th Street, which required a minimum credit score of 660:



    i.    On or around March 16, 2025, Defendant Kitov Realty posted an ad to Zillow, for 223 West Seymour Street, Philadelphia, PA 19144, for which prior evictions were excluded:



https://www.zillow.com/homedetails/223-W-Seymour-St-3-Philadelphia-PA-19144/2096998750_zpid/

9

18. Each of the above advertisements specifies a minimum credit score, while Defendant New Horizons requires no prior evictions and has open code violations.

### Standing

19. Plaintiff has standing to sue as he is disabled and older (over forty), and is a prospective tenant who also has a caregiver (his brother, who is paid for several hours a day to assist him). Because the defendants placed illegal ads, Plaintiff has standing to sue as an aggrieved party under the Renters Access Act, and as a prospective tenant under the Fair Housing Act.

### COUNT ONE: FAIR HOUSING ACT DISCRIMINATION (DISABILITY) (ALL Ds)

20. Plaintiff incorporates by reference, as if set forth verbatim herein, the entire contents of all previous paragraphs.

21. Under <u>Texas Department of Housing and Community Affairs v The Inclusive Communities Project</u>, 576 US 519, disparate-impact claims are allowed under the Fair Housing Act, in this case 42 USC § 3604(f)(1), where the bogus credit-score requirement constitutes a refusal to rent to the otherwise-qualified, financially sound Plaintiff and his brother/caregiver.[2]

22. Defendants' minimum credit-score requirements of 650 creates a disparate impact that discriminates against the disabled with scores under 650, such as Plaintiff's current score of 575. The disabled, like Plaintiff, have historically lower credit scores secondary to their disability.

23. Each Defendants' minimum credit-score requirement is illegal *per se* under the Renters Access Act of 2019, and *prima facie* evidence of disparate-impact discrimination against the disabled.

24. Defendants' conduct, as set forth hereinabove, including but not limited to the ads set forth earlier, constitute separate violation of 42 USC § 3604(f)(1) of the Fair Housing Act; Plaintiff states this claim for relief against all Defendants.

---

[2] <u>See also</u> 24 C.F.R. § 100.202 – HUD's regulations expanding on disability discrimination

25. Defendant Zillow is liable for allowing the ads to run on its website or via followup mail. Zillow is not immune under Section 230 as they are an active property-management company who is a full participate and partner in the creation and dissemination of the illegal ads. Craigslist, by contrast, would be immune.

26. Additionally, Defendants PanPhil, Wei, and Wang's ad for the 41st Street apartment also violates § 3604(f)(1), by precluding having a live-in caregiver.

27. Plaintiff has no criminal record, owes no back rent to anyone, has never missed a rent payment in his life, has an after-tax income of nearly double the rent for the studio on his own, and four to seven times the rent with his brother/caregiver, who would eventually take over the apartment.

28. Plaintiff is entitled to compensatory and punitive damages, in an amount to be determined at trial. He is also entitled to costs of suit, attorney fees (if accured, none so far), and injunctive or declaratory and such other relief deemed necessary to make him whole.

## COUNT TWO: RENTERS ACCESS ACT VIOLATIONS (ALL DEFENDANTS)

29. Plaintiff incorporates by reference, as if set forth verbatim herein, the entire contents of all previous paragraphs.

30. Defendants' conduct, as set forth hereinabove, is a ***prima facie*** violation of §9-810 of the Renters Access Act, which explicitly prohibits using a minimum credit score in a rental ad, with damages occurring upon publication. Plaintiff, as a prospective tenant actively seeking new housing, is aggrieved by the conduct and has clear standing to sue for statutory damages, as follows:

   a. Defendant Kitov Realty, LLC for banning all prior evictions.

   b. All other Defendants for having a minimum-credit-score requirement.

   c. Defendants Wei, Zang, and PanPhil for requiring only one occupant.

31. Each Defendant is liable for the ads it placed, while Defendant Zillow is equally liable for publishing the ads and profiting from them.

11

32. Under the Renters Access Act, Plaintiff is entitled to $2,000.00 in statutory damages per illegal listing. He is further entitled to punitive damages, costs, attorney fees (none accrued so far), and such other relief as deemed necessary to make him whole.

### Prayer For Relief

For each violation, from each defendant, or in combination for all defendants, Plaintiff seeks the following relief:

1. An amount to be determined at trial for statutory damages for violations of the Renters Access Act, but which is at least $174,000.00, as follows:

| Defendant | Violations | Damages |
|---|---|---|
| Kitov | 1 | 2,000.00 |
| Donato | 1 | 2,000.00 |
| Panhpil | 2 | $ 4,000.00 |
| AMC Delancey | 2 | 4,000.00 |
| Allegiance | 2 | 4,000.00 |
| Anchor | 2 | 4,000.00 |
| New Horizons | 12 | 24,000.00 |
| Greenzang | 21 | 42,000.00 |
| Zillow | 43 | 86,000.00 |

2. Compensatory damages in an amount to be determined at trial.

3. Injunctive relief sufficient to terminate the actionable conduct.

This the 18th day of March, 2025.

*[signature]*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

*e-mail or text preferred contact