**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, NEW HORIZONS WEST I LP D/B/A NEW HORIZON HOUSING, AMC DELANCEY GROUP, INC., GREENZANG PROPERTIES III, LLC, AND BRITTNEY KNOX, MOTION TO DISMISS PLAINTIFF'S, GORDON ROY PARKER, COMPLAINT, PURSUANT TO RULE 12**

I. **Plaintiff's Complaint Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted**

    a. **Standard of Law**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. For a Complaint to survive a Motion to Dismiss, the pleadings must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Byars v. School District of Philadelphia*, 942 F. Supp. 2d 552, 561 (E.D. Pa. 2013).

The "plausibility" standard employed by the Supreme Court in *Ashcroft*, "asks for more than a sheer possibility that a defendant has acted unlawfully", or pleadings rife with "naked assertion[s] devoid of further factual enhancement." *Ashcroft* at 678. (*internal citations omitted*). A claim has "facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp.* at 556. "The plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 813 (E.D. Pa. 2016) (*quoting Ashcroft* at 679). If the factual allegations within a complaint are insufficient "to raise a right to relief above the speculative level", dismissal of the pleadings is appropriate. *Twombly* at 555.

### b. The Court Should Dismiss Count I—Fair Housing Act Discrimination (Disability) pursuant to R. 12(b)(6)

Plaintiff essentially argues that Moving Defendants' publication of credit score requirements is discriminatory against people with disabilities. It is Moving Defendants' alleged failure to offer reasonable accommodations to offset Plaintiff's low credit score that gives rise to Plaintiff's allegations. Assuming that the facts plead within Plaintiff's Complaint are true and Plaintiff is a handicapped person, there must exist an affirmative denial of Plaintiff's right to reasonable accommodations as a prerequisite to litigation.

The basic elements of a Fair Housing Act accommodation claim are well stated by precedent. First, there must be a request for an accommodation, and if made, the requested accommodation most be reasonable. *Oconomowoc Residential Programs, Inc. v. City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002). It then follows that the requested accommodation must be "necessary", meaning "if left unmodified, hurts handicapped people by reason of their handicap, rather than by virtue of what they have in common with other people, such as a limited amount of money to spend on housing." Id. at 749. Ultimately, "the FAA's accommodation requirement is limited only to lowering barriers to housing that are created by the disability itself." Id. at 795 n.5. Only when a disabled person satisfies this "necessity-casualty" element, then the housing entity must make a reasonable accommodation to that person, and such accommodation could include some sort of economic-financial component." Ibid.

First and foremost, Plaintiff did not submit a Rental Application to Moving Defendants. Plaintiff simply observed the credit score requirements on Zillow, or sent a general email question about credit scores to Ms. Knox, an employee of a housing entity. At no time did Moving Defendants receive a Rental Application to reject, whether for discriminatory or non-discriminatory reasons. Second, had Moving Defendants received a Rental Application from Plaintiff, and through that application learned of Plaintiff's alleged disability, Moving Defendants would have an opportunity to present reasonable accommodations to Plaintiff, as necessary for lowering the barriers for housing. Absent an application,

it is impossible for Moving Defendants to take meaningful action. Moving Defendants never even had an opportunity to run Plaintiff's credit, let alone, reject his application.

Third, it is not unlawful *per se* for housing entities to publish credit score requirements as a discretionary factor for rental application approvals. In *Sutton v. Freedom Square Ltd.,* 2008 U.S. Dist. LEXIS 81600 at 12 (E.D. Mich. Oct. 15, 2008), the Michigan Eastern District Court distinguishes between a disabled individual whose disability gives rise to economic hardship versus a disabled individual who improperly manages personal finances. *see also Schanz v. Village Apartments*, 998 F. Supp. 784 (E.D. Mich. March 16, 1998) (a tenant who lacks the financial qualifications to rent an apartment may be denied housing, provided the denial occurs due to a legitimate non-discriminatory reason).

Conversely, the Ninth Circuit's opinion in *Giebeler v. M&B Associates*, 343 F.3d 1143 (9th Cir. 2003) illustrates when discrimination and financial hardship do intersect. In *Giebeler*, the plaintiff could not work due to a disability, but received monthly benefits. The defendant housing entity rejected plaintiff's rental application because plaintiff did not meet the minimum income requirements. Defendant's internal policies prohibited co-signers, however, plaintiff offered to have his mother execute the lease agreement as a reasonable accommodation. Defendant refused, and the Ninth Circuit Court of Appeals found that plaintiff met his burden of demonstrating a request for a reasonable accommodation. Id.

*Giebler* is entirely distinguishable from Plaintiff's claims. First, the *Giebler* plaintiff applied for a rental, and despite best efforts for reasonable accommodations, received an unlawful rejection from defendant. Here, Plaintiff never applied nor received a rejection from Moving Defendants. Second, *Giebler* provides that a disabled person may offer a reasonable accommodation in the form of a signatory with good credit. It does not stand for the blanket proposition that a waiver of credit requirements is a reasonable accommodation. Here, Plaintiff admits to having bad credit, and despite having never submitted an application, failed to offer an alternative lessee with good credit.

Practically identical to the Fair Housing Act, it is not unlawful under the Renter's Access Act to consider the credit scores of applicants. In fact, §9-810(3)(b) of the Renter's Access Act permits for the rejection of applicants based upon poor credit, however, with a carveout for COVID hardship. This section states *verbatim* "[n]o prospective landlord shall decline to rent a dwelling unit to an applicant based in whole, or in part, on the following criteria...(1) [c]redit information or credit report, tenant screening report, or any other consumer report demonstrating a failure to pay rent or utility bills **during COVID-19 emergency periods**." (*emphasis added*). Aside from the fact that Moving Defendants never ran Plaintiff's credit or received an application, it is a far stretch for Plaintiff to even insinuate that Moving Defendants relied upon credit reporting from the time of COVID hardship.

## II. Conclusion

Based upon the aforementioned arguments, Moving Defendants respectfully request for this Honorable Court to grant their Joint Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12.

Respectfully submitted,

KBK LAW GROUP

_____
Adam P. Barsky, Esquire
KBK LAW GROUP
100 S. Broad Street
Suite 1208
Philadelphia, PA 19102
(267) 761-5090

*Attorneys for Defendants, New Horizons West I, LP d/b/a New Horizon Housing, AMC Delancey Group, Inc., Greenzang Properties III, LLC, and Brittney Knox.*

Dated: April 11, 2025

11