## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **GORDON ROY PARKER,** <br> Plaintiff <br><br> v. <br><br> Panphil Realty, LLC, et al. <br><br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Case No: 2:25-cv-01493-RBS** <br><br><br> REC'D APR 1 6 2025 |

### PLAINTIFF'S RESPONSE TO DEFENDANTS NEW HORIZONS WEST I LP D/B/A NEW HORIZONS HOUSING, AMC DELANCEY GROUP, GREENZANG PROPERTIES III, LLP, AND BRITTNEY KNOX'S 12(b)(6) and 12(f) MOTION TO DISMISS

Plaintiff submits his response to the instant motion, and in support thereof, sets forth the following:

### BACKGROUND

Plaintiff and his brother have a combined after-tax income of over $4,000.00 a month and qualify financially for any apartment under $1,200 a month even with the illegal income requirements, but because they are older and disabled, their individual credit scores fluctuate, usually between 550-712, with the FICO scoring system at times acting like a random number generator, and which, in the case of Plaintiff and his brother, is completely irrelevant to their ability to pay rent, as their disability income guarantees this, while if they were to diver their rent money, a conservatorship would likely ensue.

Put simply, no one on the law-abiding side of the tracks want Plaintiff homeless, but the defendants seem not to care not only if he is housed, but whether he lives or dies, as Plaintiff has suffered nearly-fatal asthma attacks in the past two months (likely due to SBRT for lung cancer, one of his four terminal illnesses).

If Defendants wish to relitigate Plaintiff's history with this court, Plaintiff will prepare a full analysis of every case, not the cherry-picked history Defendants are using to portray Plaintiff in a false light. This history, of course, is irrelevant, so Plaintiff merely seeks a denial of the instant motion.

## RESPONSE TO MOTION

1-3. **Denied in part and irrelevant.** Plaintiff's litigation history is completely irrelevant to this action. Plaitniff admits that the factual parts of the record speak for themselves, and denies the remainder. This is an irrelevant ***ad hominem*** attack, though it shou be noted that Plaintiff's previous case before this court, Parker v. Lee et al., survived a motion to dismiss and was settled under terms which any reasonable person would conclude are favorable to the Plaintiff. As opposing counsel in that case, Counselor Barsky is well aware of the facts. His disparagement of Plaintiff could be construed as abuse of process, or even retaliation related to the previous litigation in which was counsel for the Defendants.

4. **Proudly admitted in part; otherwise denied.** Plaintiff's "40 year litigation history" is a mischaracterization.[1] Defendant is characterizing Plaintiff as "utiliz(ing) this Court as a strongarm attempt to bully Defendants into accepting a nuisance payout." The alternative to this ***public-interest litigation*** is to continue to allow Defendants to blatantly violate housing law, and to shift Plaintiff's housing burden onto the taxpayers, certainly against any public interest. Plaintiff takes being called a ***nuisance*** to malfeasors a badge of honor, and believes this was the intent of the law, which seems to be the actual nuisance.

5-12. **Admitted.** The record speaks for itself.

---

[1] filed his first suit in 2000, has won several notable settlements, with some losses on procedural technicalities, and in other cases with future events and rulings vindicating his filings, such as Mary Kate Cornett recently enduring life-altering harm due to cyberstalking made possible in part by this Court's ruling in Parker v. Google, affirming Section 230 immunity.

13. **Denied.**  Plaintiff is without sufficient knowledge to determine the truth of this averment; it is therefore denied.

14. **Admitted in Part.**  Plaintiff admits to not submitting formal rental applications, as doing so would have been futile, and unnecessary to establish standing, and admits to having filed this lawsuit (obviously).

15. **Denied with puzzlement.**  This averment is denied as stated. It is implausible that Defendants remain unfamiliar with Plaintiff, particularly given that their own counsel has submitted filings referencing Plaintiff's decades-long litigation history in detail. If Defendants themselves did not author or ratify those characterizations, then it necessarily follows that opposing counsel fabricated or embellished such representations on their behalf. Plaintiff respectfully requests that Defendants clarify whether the disparagement originated from their own knowledge—or whether it reflects solely the opinions and editorializing of counsel. It cannot be both.

16-21. **Admitted.**  These averments restate the record, which speaks for itself.

22-23. **Denied as Conclusory.**  Defendants' conclusory allegations require no response; to the extent they are factual, they are denied.

24. **Denied.**  Defense counsel appears to be appealing to stereotype with this conclusory averment.  Plaintiff has no personal malice against any Defendant, though his preference is certainly to secure housing without first having to file a federal lawsuit, and to do so with a

landlord who does not brazenly violate the law, as they may be inclined to view the housing code as aspirational.

## **CONCLUSION**

For the reasons set forth hereinabove, the instant motion should be **denied**.  An appropriate form of order and Memorandum of Law are attached.

This the 16th day of April, 2025.

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **GORDON ROY PARKER,** | : : : : | **Case No: 2:25-cv-01493-RBS** |
| Plaintiff | : | |
| v. | : : | |
| Panphil Realty, LLC, et al. | : : | |
| Defendants | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS NEW HORIZONS WEST I LP D/B/A NEW HORIZONS HOUSING,
AMC DELANCEY GROUP, GREENZANG ROPERTIES
III, LLP, AND BRITTNEY KNOX'S 12(b)(6) and 12(f) MOTION TO DISMISS**

Plaintiff Gordon Roy Parker respectfully submits this Memorandum of Law in opposition

to the Joint Motion to Dismiss filed by Defendants New Horizons West I LP d/b/a New Horizons

Housing, AMC Delancey Group, Inc., Greenzang Properties III, LLC, and Brittney Knox.

## I.    INTRODUCTION

This specific courtroom has the chance to hit the trifecta: declaring open season on

Plaintiff's reputation (and everyone else's) with Parker v. Google, E.D.Pa. #04-CV-3918,

denying him the right to end his life to escape that and his terminal illnesses with Parker v.

Shapiro, E.D.Pa. #24-02279, and now making it impossible for him to secure the stable housing

he needs to improve his survival chances, which Defendants have characterized as a "nuisance."

This action arises from the Defendants' systemic violations of the Fair Housing Act

("FHA"), 42 U.S.C. § 3604(f), and Philadelphia's Renters' Access Act ("RAA"), Phila. Code § 9-

810, through the publication of blanket credit-score minimums in rental advertisements. These

practices disproportionately exclude individuals with disabilities from access to housing, as

alleged in Plaintiff's well-pleaded complaint.

Defendants argue that Plaintiff lacks standing and fails to state a claim under Rule 12(b)(6) and that certain allegations should be stricken under Rule 12(f), as they are without merit.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6): Pleading Sufficiency

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

The Third Circuit applies a three-step analysis:

1.   Identify the elements of the legal claim;

2.   Disregard conclusory allegations;

3.   Determine whether the remaining factual allegations plausibly suggest an entitlement to relief. <u>Connelly v. Lane Constr. Corp.</u>, 809 F.3d 780, 787 (3d Cir. 2016); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

The Court must "accept all factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff." <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008).

### B.    Liberal Construction of Pro Se Complaints

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Courts must liberally construe *pro se* filings and allow for the development of potentially meritorious claims. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

Dismissal of a *pro se* complaint is only appropriate where it appears beyond doubt that no

set of facts could support the claim.  <u>Alston v. Parker</u>, 363 F.3d 229, 234 (3d Cir. 2004); <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 244 (3d Cir. 2013).

### C.    <u>Rule 12(f): Motions to Strike</u>

Rule 12(f) allows a court to strike from a pleading any matter that is "redundant, immaterial, impertinent, or scandalous." However, such motions are disfavored and should be granted only when the allegations "have no possible relation to the controversy and may cause prejudice." <u>Cipollone v. Liggett Grp., Inc.</u>, 789 F.2d 181, 188 (3d Cir. 1986).

Courts in this Circuit emphasize that Rule 12(f) should not be used to test the legal sufficiency of a claim or to preemptively resolve factual disputes. <u>Tonka Corp. v. Rose Art Indus., Inc.</u>, 836 F. Supp. 200, 218 (D.N.J. 1993).

### D.    <u>The Claims, Not the Claimant, Control Legal Analysis</u>

Defendants' attempt to dismiss the complaint based on Plaintiff's litigation history is improper. Courts adjudicate claims based on their legal and factual sufficiency, not on the identity or character of the plaintiff. See <u>Crawford-El v. Britton</u>, 523 U.S. 574, 592 (1998); <u>Bonds v. Mortensen</u>, No. 18-3433, 2020 WL 1532297, at *6 (E.D. Pa. Mar. 31, 2020).

Were any other prospective tenant to bring identical claims alleging a pattern of unlawful credit-screening advertisements disproportionately excluding disabled applicants, the legal analysis would remain unchanged. ***Ad hominem arguments are not a substitute for legal defense***.

### III.    **CONCLUSION**

For the reasons stated above, the motion to dismiss pursuant to Rule 12(b)(6) and motion to strike pursuant to Rule 12(f) should be denied in full.

An appropriate form of order and Memorandum of Law are attached.

This the 16th day of April, 2025.

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

4