IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>Plaintiff<br>v.<br>Panphil Realty, LLC, et al.<br>Defendants | Case No: 2:25-cv-01493-RBS |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AGAINST DEFENDANTS ZILLOW AND AMC DELANCEY

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff submits this motion for immediate injunctive relief, and in support thereof, sets forth and avers the following:

### I.  INTRODUCTION

Plaintiff, who is currently stuck in a third-floor walkup loft where he has almost died twice in the past few months of asthma attacks, along with his brother, Walt (his caregiver), are seeking additional housing into which they plan to transition on January 1, 2026 when they will be leaving the loft. Ideally, the second and new apartment would be located a mere block or two from a major hospital like Jefferson (10th and Sansom), Pennsylvania (9th and Spruce), Penn-Presbyterian (39th and Market), Graduate Hospital (18th and Lombard), or the Hospital of the University of Pennsylvania (HUP) (34th and Spruce).

While Plaintiff can function in the loft, as he could have sought emergency treatment hours earlier (at great expense to the taxpayers), he would rather have a second apartment to shift to in situations where his deteriorating lungs (due to cancer and SBRT) send alarms, so that he would be a short walk to an ER. This makes his housing literally a matter of life and death, more than sufficient urgency to justify a Rule 65 motion for a preliminary injunction, in this case to enjoy

Zillow and any other defendants from continuing to run illegal rental advertisements.

## I.    BACKGROUND FACTS

1.   Plaintiff sued **Defendant Zillow** and numerous landlord (other) defendants, plus property managers, over a high volume of illegal advertisements placed on Zillow's platform.[2] One such ad was placed by **Defendant AMC Delancey** for the Verona, at 4715 Walnut Street, with a credit-score requirement of 650+.[3]



2.   Despite the Renters Access Act explicitly prohibiting advertisements with credit-score requirements, this ad (or something like it) *continued* to run *after* these defendants waived service.  Consequently, nothing short of the injunctive relief sought will make Plaintiff whole.

3.   Unless there is "more to the story" (the battle cry of those who cannot accept reality

---

[2] Plaintiff incorporates by reference, as if set forth verbatim herein, the entire contents of the Complaint in this action.
[3] Plaintiff and Walt lived in the Fairfax, 4247 Locust Street, from 1986-2018 (2016 for Walt), and worked and managed the concierge desk.  They are very familiar with the neighborhood, and this apartment building is in close proximity on a major road to Penn-Presbyterian.

that contradicts their narrative), Plaintiff should easily prevail on the merits for all claims.

    4.    Defendants have called out Plaintiff for not submitting a formal application, but:

        a.    He is serving the public interest as much as he is defending his own rights.[4]

    4.    Absent immediate injunctive relief, Plaintiff will suffer major inconvenience in the loft (where only his *Epi-Pen* allows him to live there independently), which can be elminated with a second rental and their future housing.[5]

### III. CONCLUSION

For the reasons set forth hereinabove, the instant motion should be granted. A proposed order is attached.

This the 16th day of April, 2025.

*[signature]*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA 19107

gordonroyparker@gmail.com
(215) 951-4131

*e-mail or text preferred contact

---

[4] The Philadelphia Commisison on Human Relations, rather than "throw on its cape" and enforce the Renters Access Act, chose to **ban** Plaintiff from filing new cases in person, and dismissed the instant matter for lack of standing due to having not applied, in a clear misconstruction of the law. It seems that no one, so far, wants this law actually enforced as intended. Plaintiff did not force Defendants to place these ads, and given his age, condition, and recent near-fatal asthma attacks (which he can now recognize better and relocate temporarily to a second apartment to further combat), he is merely trying to improve his life and his survival odds against four concurrent terminal conditions (ESLD, Stage 3 COPD, Type II diabetes, and Lung Cancer).

[5] Plaintiff could not survive on the streets for very long. Without stable housing, the cost to the taxpayers will be far greater than in 2018, the last time Plaintiff was rendered homeless, due to Plaintiff's declining health.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>Plaintiff<br>v.<br>Panphil Realty, LLC, et al.<br>Defendants | Case No: 2:25-cv-01493-RBS |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
AGAINST DEFENDANTS ZILLOW AND AMC DELANCEY**

Plaintiff submits this Memorandum of Law in support of the instant motion.

## BACKGROUND

1. For this case, Plaintiff's primary function is as a ***private attorney general:***



2. Plaintiff is a private citizen upon whom government relies to enforce its housing laws from the "front lines," by filing civil lawsuits for which damages are possible. The Renters

Access Act goes a step further, ***deputizing*** Plaintiff with the reward of statutory damages of $2,000.00 per violation.

3. The underlying claim stems from unlawful housing advertisements that violate Philadelphia's Renters' Access Act, codified at *Phila. Code § 9-1108*, which prohibits advertisements that include minimum credit score requirements.

4. Defendant Zillow operates a rental platform that repeatedly published advertisements in violation of the statute, including a listing posted by Defendant AMC Delancey for "The Verona" at 4715 Walnut Street, which included a credit score minimum of 650. Plaintiff has documented this unlawful practice, despite formal complaints and initiation of litigation.

5. Plaintiff and his caregiver (Walt) will remain in their current loft until December 31, 2025. This mandates urgent location of an alternate housing option near hospital facilities. Plaintiff's ability to safely transition into suitable housing is impeded by Zillow's continued publication of discriminatory ads, which is likely to deter landlords from accepting applicants like Plaintiff, thus perpetuating a cycle of exclusion and exposure to irreparable harm.

## II.   LEGAL STANDARD

A motion for preliminary injunction is governed by **Rule 65 of the Federal Rules of Civil Procedure**. Courts within the Third Circuit apply a four-part test to determine whether preliminary injunctive relief is appropriate:

1. The movant must demonstrate a reasonable probability of success on the merits;
2. The movant will suffer irreparable harm in the absence of preliminary relief;
3. The balance of equities tips in the movant's favor; and
4. An injunction is in the public interest.

See *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Holland v. Rosen*, 895 F.3d 272, 285–86 (3d Cir. 2018).

The moving party bears the burden of proving each element. See *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

The standard does not require a certainty of success on the merits, but rather a "reasonable probability." *Oburn v. Shapp*, 521 F.2d 142, 148 (3d Cir. 1975).

Irreparable harm refers to injury that cannot be adequately compensated by money damages and is not speculative. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

The public interest prong takes into account the underlying statutory purposes involved and the interests of non-parties. See *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 729 (3d Cir. 2004).

Where a plaintiff seeks to enjoin conduct that violates civil rights statutes, courts often find that the public interest favors enforcement. See *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994); *Council of Alt. Political Parties v. Hooks*, 121 F.3d 876, 883–84 (3d Cir. 1997).

### III.   ARGUMENT

#### A.   Plaintiff is Likely to Succeed on the Merits

The Renters' Access Act unambiguously bars rental ads that impose blanket credit score thresholds. Zillow, as the publishing platform, is not shielded from liability when knowingly disseminating such discriminatory ads. In *Fair Hous. Rights Ctr. in Se. Pa. v. Post Goldtex GP, LLC*, 823 F.3d 209, 213 (3d Cir. 2016), the court affirmed that publication of

3

discriminatory housing ads alone may violate the Fair Housing Act and related local laws. Here, Zillow's platform has continued to publish such content well after notice and litigation were initiated, which strongly supports Plaintiff's entitlement to injunctive relief.

### B.   **Plaintiff Faces Irreparable Harm**

Plaintiff has a documented medical condition (including cancer and severe asthma), which has nearly resulted in death on at least two occasions. His inability to relocate near emergency medical services due to discriminatory housing practices constitutes a threat to his life. Irreparable harm is presumed when denial of relief risks personal safety or health. See *Council of Alt. Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997) ("Actual or threatened harm to an individual's health or life is irreparable").

### C.   **The Balance of Equities Favors Plaintiff**

The burden on Defendants to refrain from posting illegal ads is minimal. In contrast, Plaintiff's health and continued ability to live independently are at stake. Preventing continued statutory violations during the pendency of the case imposes little, if any, cost on Zillow and AMC Delancey.

### D.   **Injunctive Relief Serves the Public Interest**

Enforcement of local anti-discrimination laws and the preservation of public health align with the public interest. Allowing ads that plainly violate the law fosters exclusion, undercuts equal housing opportunity, and misleads renters and landlords alike. Ensuring that rental platforms comply with local statutes is an outcome consistent with both statutory purpose and community standards.

### IV.   **CONCLUSION**

For the foregoing reasons, the instant motion should be granted.

## V. **RELIEF SOUGHT**

Plaintiff respectfully requests the following relief:

1. An order enjoining Zillow and AMC Delancey from continuing to publish advertisements that require a minimum credit score, no prior evictions, or which otherwiswe violate the Renters Access Act or Fair Housing Act;

2. An order for the removal of all such advertisements within 10 days;

3. Any other relief deemed just and proper.

4. While Plaintiff is not moving for sanctions, should the Court award them sua sponte against Defendants, he is not likely to object.

A proposed order is attached.

This the 16th day of April, 2025

_____
**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **GORDON ROY PARKER,** Plaintiff v. **Panphil Realty et al.,** Defendants | : : : : : : : : | Case No: 23-3999-GJP |
|---|---|---|

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby attest that I have served a copy of the foregoing **Plaintiff's Motion For Preliminary Injunction, Plaintiff's Response To Some Defendants' Motion To Dismiss**, and **Notice of Voluntary Dismissal Of Defendant Anchor Realty** on the following parties, by **regular mail or hand delivery:**[6]

PanPhil Realty, LLC, Allegiance Real Estate, LLC, 4024 Spruce Company, LLC, Greenzang Properties III, LLC, New Horizons West I LP d/b/a New Horizon Housing, 2045 Walnut Street Associates, Vihi Realty, AMCDelancey Group, Inc., and Kitov Realty; Nanxing "Nancy" Wang, Bryan Reese, Brittney Knox, Xahoxia Wang, and Susan Donato. Courtesy copy to Anchor Real Estate.

This the 16th day of April, 2025

*/s/ Gordon Roy Parker*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

---

[6] Plaintiff incoporates by reference the Complaint as if set forth verbatim herein and has served each remaining Defendant at the addresses listed for them in the Complaint:

6

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>                    Plaintiff<br>v.<br><br>**Panphil Realty et al.,**<br>                    Defendants | **Case No: 23-3999-GJP** |

## ORDER

AND NOW, this ___th day of April, 2025, in consideration of Defendants New Horizons West I Lp D/B/A New Horizons Housing, Amc Delancey Group, Greenzang Properties Iii, Llp, And Brittney Knox's 12(B)(6) And 12(F) Motion To Dismiss, and Plaintiff's Response thereto, the motion is **denied**.

_____
J.