REC'D APR 28 2025

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,**<br>Plaintiff<br>v.<br><br>**PanPhil Realty, LLC, AMCDelancey Group, Inc.,** Greenzang Properties III, **2045 Walnut Street Associates,** LLC, and **New Horizons West I, LP** each a Pennsylvania corporation or limited partnership; **Nanxing "Nancy" Wei,** in her individual capacity, **Brittney Knox,** and **Adam Barsky, Esq.,** all residents of Pennsylvania, and **Zillow Group, Inc,.** a Washington corporation,<br><br>Defendants | : : : : : : : : : : : : : : : : : : : | Case No: 2:25-cv-01493-RBS<br><br>**Complaint for Multiple Violations of the Fair Housing Act and the Renters Access Act of 2019, and for Declaratory and Injunctive Relief** |

## AMENDED COMPLAINT

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits this Amended Complaint, and in support thereof, sets forth and avers the following. Several defendants are no longer listed, while new claims and new conduct are included, for sake of judicial efficiency.

## THE PARTIES

1.  Plaintiff **Gordon Roy Parker** ("Gordon") is a resident of Philadelphia, domiciled at the Broad Street Ministry, 315 South Broad Street, #0106, Philadelphia, PA 19107, and resides at 1011 Cherry Street (a/k/a 132 North 10th Street), #3F, Philadelphia, PA 19107 ("the Building" and "the Apartment"). He prefers to be served by and will accept service by acknowledged e-mail at Gordonroyparker@gmail.com.[1]

---

[1] Plaintiff currently resides in a 2200-square foot loft on Cherry Street which he will be vacating at the end of the year or before, and is current with and will remain current with any financial obligations relating to his residency.

2. Defendant **PanPhil Realty**, LLC is a Pennsylvania limited-liability corporation which manages a rental property in controversy in this action – 425 North 41st Street, Philadelphia, PA 19104 ("425 North 41st") – for nonparty Xahoxia Wang (not listed as a defendant here). In the course of these duties, they placed the rental ad in controversy, and engage in tenant screening on behalf of Xahoxia Wang. A waiver of service has been sent to these parties but they have yet to respond.

3. Defendant **Nanxing "Nancy" Wei**, is listed as the agent contact for Defendant PanPhil Realty, and is now employed with the Pennsylvania Housing Development Corporation (PHDC):



4.     Defendants **New Horizons West I, LLP** ("New Horizons West"), AMC Delancey Group, Greenzang Properties III, LLC, and **Brittney Knox** have filed a joint motion to dismiss and are represented by Defendant **Adam Barsky**, who should probably consider recusing himself.

5.     Defendant **Zillow Group, Inc.** (Z:NASDAQ) is a publicly traded company and real estate marketplace, including rental-property sales and leases. The are actively engaged with landlords, tenants, and residential properties.

## NATURE OF ACTION

6.     This is an action rooted in multiple violations of the Fair Housing Act (FHA), and, via supplemental jurisdiction, the Renters Access Act of 2019. It relates both to conduct preceding and following the filing of the initial complaint in this action in March, 2025.

7.     Most of the violations were triggered by advertisements run on Defendant Zillow's website, and which Plaintiff discovered on Friday, March 7, 2025 in the course of his housing search. Additional violations of the FHA have occurred subsequent to the filing of this action.

## STATEMENT OF JURISDICTION AND VENUE

7.     Jurisdiction in federal court is proper under 28 USC §1331, because of the existence of federal questions related to the Fair Housing Act. Supplemental jurisdiction over the state law claims is also proper.

8.     Venue in this district is proper because all Defendants either reside, are domiciled, or conduct business within the district, or have appeared in defense in this case; none have contested jurisdiction.

## BACKGROUND

9.     Plaintiff incorporates by reference, the entire contents of all previous paragraphs.

10.    In paragraph 4 of its motion to dismiss, on behalf of his clients, counselor Barsky hinted that this is a ***nuisance lawsuit.*** He couldn't be more correct: via statutory damages under the Renters Access

3

Act, and private standing under the Fair Housing Act, our legislators *intended* for citizens like Plaintiff to become a *nuisance* to those who would violate fair-housing laws and tenant rights. Plaintiff wears the label proudly, while noting that he removed several smaller defendants to reduce burden; he could, of course, refile against them in Municipal Court.[2]

### Actions Prior To Filing Of Complaint

11.  On or around March 7, 2025, Defendant AMC Delancey, on behalf of former party Delancey Verona Plaza, LLC, placed an advertisement on Defendant Zillow's website, for rentals at 4715 Walnut Street ("The Verona Plaza"), which included a minimum credit-score requirement of 650:[3]



---

[2] ***Fun with ChatGPT.*** Plaintiff prompted: Please include an overview paragraph based on the style of Gerry Spence:

This is a case about dignity, and the simple but profound right to have a place to call home. It is brought not by a government agency with legions of lawyers, but by a private citizen — an older, disabled man armed with nothing but his rights, his voice, and the law. In a city where the law promises fair housing to all, the Defendants chose instead to impose hidden barriers, quietly but effectively excluding those they deemed undesirable. Plaintiff comes to this Court not seeking favor or special treatment, but to enforce the promises made by our statutes — promises that those who violate fair housing laws will be held accountable, and that ordinary people will not be left voiceless when their basic rights are trampled.

[3] https://www.zillow.com/apartments/philadelphia-pa/verona-plaza/5XkHx3/

12. Also on or around March 7, 2025, Defendant Greenzang Properties placed an ad on Zillow for a studio at 503 South 41st Street, which did not specify a minimum credit score, but a follow-up e-mail listed twenty-one properties, and a minimum credit-score requirement for each one:



13. On or around March 7, 2025, Defendant **2045 Walnut Street Associates** posted an advertisement to Zillow for rentals at 2045 Walnut Street, with a required minimum credit score of 675:



14. Also on or around March 7, 2025, Defendant Brittney Knox, on behalf of Defendant New Horizons West I LP, e-mailed Plaintiff in response to an inquiry about 4101 Baltimore Avenue, despite the building having an open violation with L&I deemed UNSAFE. She e-mailed Plaintiff in response to his inquiry with a minimum credit-score requirement of 625 and ***no prior evictions***:

15. Also on or around March 7, 2025, Defendant Wei, for Defendant PanPhil Realty, placed an ad for 425 North 41st Street, with a limit of one occupant and a minimum credit-score requirement of 650.[4] Also noteworthy is that ***Defendant Zillow accepts direct applications*** *for this property*:



---

[4] https://www.zillow.com/homedetails/425-N-41st-St-1F-Philadelphia-PA-19104/2077025506_zpid/

## **Actions Subsequent To Filing Of Complaint**

16. Despite being put on notice, via the filing of the Complaint in this action, Defendants have continued their violations of both the Renters Access Act and Fair Housing Act. The most noteworthy violation occurred when nonparty Annie Oliver, acting as an agent for Defendant AMCDelancey, placed a new advertisement for the Verona Plaza, to which Plaintiff replied with an inquiry, leading to the following exchange:

    a.    In response to Plaintiff's inquiry, Ms. Oliver e-mailed Plaintiff on April 17, 2025:



    b.    Plaintiff then replied twice to Ms. Oliver:





    c.    In response to these replies, Defendant Barsky contacted Plaintiff to put him "on notice" of potential violations of Bar Association Rule 4.2, which applies only to licensed attorneys:

7



18. Plaintiff was deterred from applying to these days, as a) doing so would be futile, b) the application fees are prohibitive and would harm Plaintiff's credit-score, making it even more difficult for him to rent, and c) it would force him to rent from hostile landlords with extensive control over tenant privacy and living conditions; if they break these laws openly, what would they do then?

## COUNT I: FAIR HOUSING ACT DISABILITY VIOLATIONS (ALL DEFENDANTS)

18. Plaintiff incorporates by reference all preceding paragraphs.

19. The Fair Housing Act, 42 U.S.C. § 3604(f)(1), makes it unlawful to discriminate against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of a handicap (disability).

20. Defendants, by advertising and maintaining rental listings imposing minimum credit-score thresholds, discriminated against Plaintiff and similarly situated individuals on the basis of disability. Such credit-score policies disproportionately exclude disabled individuals, who statistically have lower credit scores due to disability-related economic hardships, including medical debt and reliance on fixed income.

21. Plaintiff, as a disabled individual, was deterred from applying to multiple rental units as a direct and proximate result of Defendants' unlawful credit-score policies.

22. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered mental anguish, humiliation, inconvenience, and the loss of housing opportunities.

23. Plaintiff is therefore entitled to compensatory damages in an amount to be determined at trial, punitive damages, any attorney fees ultimately incurred, injunctive and declaratory relief sufficient to terminate the actionable conduct, and such other relief deemed just and proper.

### COUNT II: FAIR HOUSING ACT RETALIATION (42 USC § 3617) (BARSKY/AMC)

24. Plaintiff incorporates by reference all preceding paragraphs.

25. Section 3617 of the Fair Housing Act makes it unlawful to coerce, intimidate, threaten, or interfere with any person exercising or enjoying, or attempting to exercise or enjoy, any right granted or protected by the Act.

26. Plaintiff engaged in protected activity by making inquiries about discriminatory housing advertisements and by asserting his fair-housing rights.

27. Defendants Barsky and AMC Delancey, rather than correcting their unlawful practices, retaliated against Plaintiff by attempting to intimidate him through threats of legal ethics violations, despite Plaintiff being a private citizen and not an attorney.

28. As a direct and proximate result of these Defendants' retaliatory conduct, Plaintiff suffered mental anguish, frustration, and impairment of his ability to exercise his fair-housing rights.

29. Plaintiff is therefore entitled to compensatory damages in an amount to be determined at trial, punitive damages, any attorney fees ultimately incurred, injunctive and declaratory relief sufficient to terminate the actionable conduct, and such other relief deemed just and proper.

### COUNT III: RENTERS' ACCESS ACT VIOLATIONS (PHILA. CODE § 9-810)

30. Plaintiff incorporates by reference all preceding paragraphs.

31. The Philadelphia Renters' Access Act prohibits landlords and housing providers from advertising or enforcing minimum credit-score requirements as a precondition to rental housing opportunities.

32. Defendants violated the Renters' Access Act by advertising and enforcing minimum credit-score requirements for various rental properties, as alleged above. Some Defendants also have illegal prior-eviction bans, income multiple requirements, and/or do not make clear their criteria, all prior to accepting applications.

33. Plaintiff was deterred from applying for housing opportunities due to these unlawful advertisements and screening criteria.

34. As a direct and proximate result, Plaintiff suffered frustration, loss of housing opportunity, and statutory injury.

35. Plaintiff is therefore entitled to compensatory damages in an amount to be determined at trial, punitive damages, any attorney fees ultimately incurred, injunctive and declaratory relief sufficient to terminate the actionable conduct, and such other relief deemed just and proper.

## COUNT IV:   DECLARATORY AND INJUNCTIVE RELIEF

36. Plaintiff incorporates by reference all preceding paragraphs.

37. An actual and ongoing controversy exists between Plaintiff and Defendants regarding Defendants' use of discriminatory rental screening practices.

38. Plaintiff seeks a declaration that Defendants' actions violate the Fair Housing Act and the Philadelphia Renters' Access Act.

39. Plaintiff also seeks injunctive relief enjoining Defendants from continuing to impose minimum credit-score requirements or engaging in other discriminatory rental practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendants violated the Fair Housing Act and the Philadelphia Renters' Access Act;

2. Award Plaintiff compensatory damages in an amount to be determined at trial;

3. Award Plaintiff statutory damages as provided under the Philadelphia Renters' Access Act ($2,000 per violation), for each violation established at trial.

4. Award punitive damages where appropriate under the Fair Housing Act;

5. Grant injunctive relief prohibiting further unlawful rental screening practices;

6. Award costs of suit and reasonable attorney's fees if applicable;

7. Award such other and further relief as the Court deems just and proper.

This the 28th day of April, 2025

*[signature]*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>            Plaintiff<br>   v.<br>**Panphil Realty et al.,**<br>            Defendants | :<br>:<br>:<br>:<br>: Case No: 2:25-cv-01493-RBS<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby attest that I have served a copy of the foregoing **Amended Complaint,** on the following parties, by **regular mail or hand delivery:**

Adam Barsky, Esq.
KBK Law Group
100 South Broad Street, # 1208
Philadelphia, PA  19102

PanPhil Realty, LLC
6822 Bustleton Avenue
Philadelphia, PA  19149

Nanxing "Nancy" Wei
Philadelphia Housing Development Corp.
1234 Market Street, 17th Floor
Philadelphia, PA  19107

*Attorney For Defendants:*
 AMC Delancey
 Greenzang Properties
 New Horizons West
 Brittney Knox
 2045 Walnut Street Associates

Krista A. Rose, Esq.
Buchanan Ingersoll & Rooney, PC
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA  19102-2555
Attorney for Defendant Zillow

Courtesy copies are being sent to former parties.

This the 28th day of April, 2025

_____
**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131