# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-1493 |
| | : | |
| PANPHIL REALTY, LLC, GREENZANG PROPERTIES III, NEW HORIZONS WEST I, LP, 2045 WALNUT STREET ASSOCIATES, LLC, AMCDELANCEY GROUP, INC., BRITTNEY KNOX, ZILLOW GROUP, INC., NANXING WEI, ADAM BARSKY | : | |

## ORDER

**AND NOW**, this 28th day of May 2025, upon considering Plaintiff's Motion (ECF 23) for reconsideration of our May 19, 2025 Order (ECF 22), mindful we granted Plaintiff leave to file an amended Complaint (ECF 22) by June 5, 2025 to plead the facts he now recites in a motion but not in the operative pleading, Plaintiff does not offer grounds to reconsider our detailed grounds for dismissal without prejudice, and for good cause, it is **ORDERED** we **DENY** Plaintiff's Motion for reconsideration (ECF 23).[1]

KEARNEY, J.

---

[1] Mr. Parker offers no basis for reconsideration. We may reconsider only where the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such motions are granted sparingly because courts have a strong interest in the finality of judgments. *Sec'y U. S. Dep't of Labor v. Koresko*, 726 F. App'x 127, 131–32 (3d Cir. 2018).

Mr. Parker disagrees with our factual and legal analysis. He admittedly relied on Artificial Intelligence to present his pleading. ECF 23 at 2, n. 2 (all references to ECF 23 are to the pagination assigned by the CM/ECF docketing system). We appreciate his candor but are not persuaded by his legal analysis based on the facts (or lack of) in his amended Complaint.

For example, he argues he alleged he is disabled by cancer and severe asthma and he has a credit score of 575. ECF 23 at 11, n.5. There are no such allegations in his amended Complaint. ECF 13. Mr. Parker refers us to his original Complaint (ECF 1) at paragraph 22 where he alleges a credit score of 575 and his disabilities and which he believes makes his amendment unnecessary. *See* ECF 23 at 11, n.5. But these allegations are not included in the amended Complaint (ECF 13) nor does he allege he advised the apartment owners of his disability. As instructed by our Court of Appeals "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted). We disagree precedent from our Court of Appeals "requires" us to consider "all filings together when assessing whether a pro se plaintiff has sufficiently pled a claim." ECF 23 at 1, n.1. The cases cited by Mr. Parker do not support this argument. Neither *Lewis v. Attorney General*, 878 F.2d 714 (3d Cir. 1989) nor *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) considered "all filings together" and instead stand for the general instruction from our Court of Appeals we must construe pro se complaint liberally. The Supreme Court's decisions in *Erickson v. Pardus*, 551 U.S. 89 (2007) and *Haines v. Kerner*, 404 U.S. 519 (1972) cited by Mr. Parker similarly require courts to construe pro se complaints liberally. But none of these cases require us to consider collectively multiple complaints. There is but one operative complaint. As recently as January of this year, the Supreme Court (in the context of a court's subject matter jurisdiction in removed cases) held the amended complaint is the operative complaint and "tak[es] the place of what has come before." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30, 35-36 (2025). Mr. Parker's amended Complaint (ECF 13) is the operative pleading and it did not contain the allegations on which Mr. Parker relies as a basis for reconsideration. We construed Mr. Parker's pro se amended Complaint liberally but this does not relieve him from the alleging sufficient facts to support his claims nor does it allow him to "flout procedural rules"; he "must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). Our May 19, 2025 Order granting without prejudice the Motion to dismiss allows Mr. Parker to file a second amended Complaint by June 5, 2025 to cure his pleading deficiencies and plead these facts consistent with his Rule 11 obligations. ECF 22. Mr. Parker may disagree with our legal reasoning, but it is not a basis for granting reconsideration.

Regarding Mr. Parker's concern regarding our one-time inadvertent reference to "Gordon Ray Parker" rather than "Gordon Roy Parker" on page 2 of our Memorandum (ECF 21), we assure Mr. Parker it was a typographical error and nothing more. The caption and docket properly reflect "Gordon Roy Parker." We have no idea of concerns with this typographical error in Mr. Parker's name.